# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

GREGORY LEE CHEST                                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 3:13CV-294-R

ANDY TAYLOR                                                     DEFENDANT

## MEMORANDUM OPINION

*Pro se* Plaintiff, Gregory Lee Chest, proceeding *in forma pauperis*, has filed a complaint alleging "Trade Mark Patent Infringement Law Violation Breaching The Federal Statute of § 5.04(D) [and] Inequitable conduct" (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff names one Defendant in this action, Andy Taylor. He lists Defendant's address as 600 Corporate Park Drive, St. Louis, Missouri 63105. Plaintiff seeks declaratory and injunctive relief. In his complaint Plaintiff states that on "Monday May 14TH $^{12}$" he "was walking along 4TH and River Road at Downtown Louisville, Ky." when he

> noticed a BIG WHite Truck That Had a Familure Resemblance To My Street Prince [symbol omitted] Prince of The Streets of Louisville Trade Mark THo Thier Trade Mark Had Green For Grass, But This was still To Close To My Trade Mark That Cause Me To Become Discomforted which caused This Submitting of Complaint To The United States District Court Western District of Kentucky.

Plaintiff states that he is seeking relief for the

> Infringers Violation of Breaching and Precureing a Trade Mark By Intentional Showing of Inequitable Conduct by MisRepresenting a Material Fact/Failing To Disclose Material Information/Submitting False Material Information To The Patent and Trade Mark Office. I Believe That The Enterprise Rent A Car Division offices

and company Violated My Trade Mark Rights as The Owner & Inventor of This Trade Mark [symbol omitted] under the U.S. Patent & Trade Mark 1st First To Invent. Inequitable Conduct. Is The Base I Gregory Lee Chest am Submitting my Complaint by obtaining My Ideas and Trade Mark Placeing Them Into Action By Inappropriate Means.

Included within the complaint is a page which has a symbol with a star affixed to one of its' ends. On this page there are what appear to be listings of apartment rentals, poem lyrics, and other doodles. There is another page within the complaint that has the heading "Fileing Under Hard Ship" written across the top of the page. On this page, Plaintiff states,

> Due To The Charge of The U.S.A. 1st To Invent Patent Rule to 1st to File The Patent Application Effective Date March 16TH $^{13}$ I Gregory Lee Chest am Filing Under Hardships Due to Studying Legal Law Statutes and Haveing To Write Legal Law Litigation InFormation In The Street, and Alleys of Lousiville Kentucky (as I am Homeless and being Monitored By Police Department Informants/State Licensed Monitors/Teenaged Wanna be Gang Members and Skate Boarders) In which I Gregory Lee Chest Has Litigated To Judge Charles Simpson III of the U.S. Western District Courts of Louisville Concerning The Pressure of trying To Keep Legal Law Information Secret From The Viewing of These People who Follow me Using Thier Positions and Issued Equipment To Gather The Information In Side My Litigation Process and The Information From The Books That I Read & Use In The Legal Law Library 514 West Liberty Street Lou. Ky. As Im Writing This Early Morning Friday February 1st $^{13}$ temeprature is 9 Degrees Wind chill is Minus -12$^c$ In The Alley BeHind 4th Street Live South of 3rd & Liberty Streets Next To 53rd Bank & U.S. Post Office. This is The Hard Ships I Undergo To Litigate My Legal Right As A United States Native American Born Citizen That Has Now No Mailing Address For Return Mail.

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330 *et seq*. The burden

3

of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998).

### A. *Federal Trademark Infringement Claim*

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff states "That The InFringers Trade Mark Patent Infringement Law Violation Breaching The Federal Statute of § 5.04 (D)." No "Federal Statute of § 5.04 (D)" exists, and the Court is unable to surmise to which federal statute Plaintiff may be attempting to refer.

Notwithstanding the lack of a specifically enumerated federal statute, the gist of Plaintiff's complaint appears to be that "Enterprise Rent A Car Division offices" infringed upon a trademarked symbol for which he is the owner.[1] Plaintiff's allegation of infringement is based on him having seen a "BIG WHite Truck That Had a Familure Resemblance To [his] Street Prince [symbol omitted] Prince of The Streets of Louisville Trade Mark." However, the alleged violating symbol had "Green for Grass."

The Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*, "was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-68 (1992). The district courts of the United States have original jurisdiction over actions arising under the Lanham Act. 15 U.S.C. § 1121. A trademark is defined as "any

---

[1]Although Plaintiff uses the term "Patent" in his complaint, he is complaining about the use of an identifying symbol which would be a trademark issue. Further, Plaintiff fails to allege any invention for which he has obtained a patent or state the number of any patent which he holds. Accordingly, the Court considers Plaintiff's complaint to be one dealing with trademark infringement and not patent infringement.

4

word, name, symbol, or device, or any combination thereof" used by a person "to identify and distinguish his or her goods . . . from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. "The holder of a registered mark (incontestable or not) has a civil action against anyone employing an imitation of it in commerce when 'such use is likely to cause confusion, or to cause mistake, or to deceive.'" *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004) (quoting 15 U.S.C. § 1114(1)(a)). The Lanham Act protects against trademark infringement even if the mark has not been registered with the United States Patent and Trademark Office. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). Plaintiff has the burden of proving infringement which "requires a showing that the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. at 117.

To state a trademark infringement claim under the Lanham Act, a plaintiff must allege that: "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). "The touchstone of liability [for a trademark infringement claim] is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). In the present case, Plaintiff has failed to allege any goods or services associated with his purported trademarked symbol. In fact, it appears that the symbol about which he complains is used by him to identify himself as the "Prince of the Streets of Louisville" and is not used in association with any goods or services. He has failed to allege how his trademark is associated with commerce. Plaintiff has also failed

5

to allege there would be any likelihood of confusion among consumers. Plaintiff himself states that the alleged offending symbol contains grass underneath it, something absent from his described trademark. He further states that the offending symbol was on the side of a rental car van yet does not allege he is involved in any similarly related business such that the consumer would be confused.

The Court, therefore, will dismiss the trademark infringement claim due to Plaintiff's failure to plead facts sufficient to state a claim upon which relief may be granted.

### B. *Inequitable Conduct*

In addition to his trademark infringement claim, Plaintiff also alleges "Inequitable conduct." It is unclear what type of a claim Plaintiff is attempting to assert here. "Inequitable conduct is an equitable defense to patent infringement." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). Patent applicants have a duty to deal with the United States Patent and Trademark Office with candor and good faith. *Total Containment, Inc. v. Environ Products, Inc.*, 921 F. Supp. 1355, 1369 (E.D. Pa. 1995), *aff'd in part, vacated in part*, 106 F.3d 427 (Fed. Cir. 1997). " A breach of this duty constitutes inequitable conduct." *Id*. Thus, to the extent Plaintiff may be attempting to assert some sort of inequitable conduct claim regarding his alleged trademark symbol, such a claim fails.

To the extent Plaintiff may be attempting to bring a state-law claim in this action, the Court declines to exercise supplemental jurisdiction over such a claim. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal trademark infringement claim over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction

over the state-law claim and dismiss it without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Additionally, diversity jurisdiction does not exist. Title 28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." Plaintiff does not seek monetary damages in this case. Thus, this claim does not fall under this Court's diversity jurisdiction.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4413.003